[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11308
Non-Argument Calendar

_____

Agency Nos. A96-093-963
A96-093-964

JOSE JAVIER CARDOZO-RODRIGUEZ,
LUCERO PASTRANA-BETANCOURTH,
LUISA MARIA CARDOZO-PASTRANA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 21, 2008)

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals' ("BIA") affirmed the decision of the Immigration Judge ("IJ") denying petitioners' application for withholding of removal under the Immigration and Nationality Act ("INA") and protection under the U.N. Convention Against Torture ("CAT").[1]  Petitioners now challenge the BIA's decision, contending that it is not supported by substantial evidence.

Where, as here, the BIA does not adopt the IJ's decision but, instead, issues its own decision, we review only the BIA's decision.  See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007).  Under the substantial evidence test, which guides our decision, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. at 1284.  "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one."  Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir.

---

[1]  Petitioners, husband, wife, and daughter, are natives and citizens of Colombia, S.A. They entered the United States on non-immigrant visas in 1999.  In September 2002, they filed applications for asylum, withholding of removal, and CAT protection.  A Notice to Appear issued in November 2002, alleging that petitioners were removable under the INA because they remained in the United States longer than authorized.  They subsequently appeared before an IJ, conceded removability, presented their case for asylum and, alternatively, withholding of removal and CAT protection.  The IJ denied their applications for asylum as untimely, declined to grant withholding of removal because they failed to establish a clear probability of future persecution on account of a protected ground, and denied CAT protection because they failed to show a clear probability of persecution by the Colombian government if returned to Colombia. Because petitioners' applications for asylum were untimely, we dismissed for lack of jurisdiction the part of the instant petition seeking a reversal of the denial-of-asylum decision.

2

2001). The mere fact that evidence in the record may also support a conclusion contrary to the BIA's is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). With this standard of review in mind, we consider in turn whether substantial evidence supports the BIA's denial of withholding of removal and CAT protection.

I.

Petitioners contend that the BIA, like the IJ, failed to consider the record as a whole. We disagree and therefore take up the first of their alternative contentions, that the BIA's decision to deny withholding of removal is not supported by substantial evidence.

To qualify for withholding of removal under the INA, an alien bears the burden of showing that it is "more likely than not," that there is a "clear probability," that he will be persecuted, or his life or freedom will be threatened, on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 241(b)(3); 8 U.S.C. § 1231(b)(3); Ruiz v. Gonzales, 479 F.3d 762, 764-66 (11th Cir. 2007). Persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted). The alien must show that his fear of persecution is

subjectively genuine and objectively reasonable.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257-1258 (11th Cir. 2006).   The subjective component can be proven "by the applicant's credible testimony that he or she genuinely fears persecution, . . . . [while the objective component] can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (quotation omitted).  "The weaker an applicant's testimony . . . the greater the need for corroborative evidence."  Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Petitioners claim that it is more likely than not that they will be persecuted on account of their political opinion if returned to Colombia.  The claim is based for the most part on Cardozo-Rodriguez's testimony about an incident involving the FARC that occurred on June 12, 1999.  At the time, Cardozo-Rodriguez was the director of accounting at the Finansa S.A. Bank in Cali.  As such, he had access to the personal information of the bank's clients, including their account balances.

Cardozo-Rodriguez testified that on June 12, while driving home, FARC guerillas kidnaped him at gunpoint.  They told him that they had seized him

4

because of his political activities, which they demanded that he cease.[2] They also demanded information about the bank's clients – their names, telephone numbers, addresses, and account balances – and instructed him to give them the information on a computer diskette. They gave him one week to deliver the diskette. They said that they knew where he lived and the names of his wife and daughter, and that if he did not give them the information they were demanding, they would kill his family.

Cardozo-Rodriguez refused to comply with the FARC's demands. He discussed the situation with his wife's cousin, who was a member of the Colombian armed forces, and he advised him to leave the country. Cardozo-Rodriguez followed the advice, and came to the United States, arriving on June 19, seven days after the FARC seized him. Meanwhile, his wife went to Bogota and stayed with his parents. While there, she received a phone call from the FARC; the message was that Cardozo-Rodriguez was a military target and that he had to present himself or be killed. Shortly thereafter, she and their daughter left Colombia, arriving in the United States on October 28, 1999. After they left, Cardozo-Rodriguez's parents received threatening telephone calls from the FARC.

---

[2] As a member of the Democratic Future section of Colombia's Liberal Party, he had organized meetings in Cali for party candidates to speak to citizens about issues such as poverty and lack of education.

The IJ found, and the BIA agreed, that the FARC kidnaped and threatened Cardozo-Rodriguez, because he was a bank official with access to confidential information about the bank's clients, that the kidnaping was brief, and that it involved no physical harm. The kidnaping and threats were not "on account of" a protected ground. Although Cardozo-Rodriguez testified that "they told me the reason I was kidnaped was because of my political activities," that self-serving recitation was suspect; as the IJ noted, he had not even mentioned it in his asylum application.

As stated above, to reverse the BIA's factual finding that FARC kidnaped Cardozo-Rodrigues because of his position with the bank, we must find not only that the evidence supports a contrary conclusion – that he was kidnaped because of his political opinion – but that it "compels" one. On this record, we could hardly say that Cardozo-Rodrigues's bare testimonial claim that the guerrillas told him that they kidnaped him because of his political activities compels the conclusion that he was kidnaped and persecuted "on account of" his political opinion.

## II.

As for their claim that they are entitled to CAT protection, petitioners ask that we remand the case for additional investigation or explanation, since the IJ failed specifically to address his claim for such protection. To be entitled to CAT

protection, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). Petitioners application for protection under CAT fails for lack of proof that the Colombian government acquiesces in the FARC's actions.

Substantial evidence supports the BIA's decision.

PETITION DENIED.